190 P.2d 338]

## Appellate Department, Superior Court, San Diego

[Civ. A. No. 139557.    Jan. 22, 1948.]

## L. T. STOWERS, Respondent, v. ED FLETCHER, SR. et al., Appellants.

Miller, Higgs, Fletcher & Glen and Ferdinand T. Fletcher for Appellants.

Jasper J. Barrett for Respondent.

THE COURT.—The plaintiff recovered a joint judgment against the defendants Ed Fletcher Company, a corporation, and C. M. Davis, on a contract action and so far as material to the determination of the issues in the case the judgment reads as follows:

"That plaintiff, L. T. Stowers, have judgment against the defendants, Ed Fletcher Company, a corporation, and C. M. Davis, in the sum of FOUR HUNDRED SIXTY-SIX and 15/100 DOLLARS ($466.15) . . ."

There is nothing in the complaint, findings of fact, or judgment which determines or discloses what the relationship of the defendants Ed Fletcher Company, a corporation, and C. M. Davis was as between themselves.

Subsequently, the Ed Fletcher Company, a corporation, satisfied the judgment by paying the same. Thereupon it filed a Notice of Payment Of Joint Judgment And Claim To Contribution in the municipal court, the material portions of which read as follows:

"To STEWART H. CARSE, CLERK OF THE ABOVE ENTITLED COURT;

You are hereby notified and you will please take notice that on June 26, 1947, Ed Fletcher Company, a Corporation, one of the joint debtors in the above entitled action, paid the judgment in the above entitled action with accrued costs in the sum of $492.19, and said defendant, Ed Fletcher Company, a Corporation, hereby claims contribution against the defendant C. M. Davis to the extent of one-half thereof together with his costs incurred and interest thereon."

Based on this notice, the defendant Ed Fletcher Com-

pany, a corporation, gave Notice Of Motion For Issuance Of Execution Against Joint Debtor For Contribution. The notice of motion referred to states that at a certain time and place a motion will be made against the codefendant, C. M. Davis, for execution in the sum of $246.09, and was made upon the ground—

". . . that the Ed Fletcher Company, a Corporation, as a joint judgment debtor in the above-entitled action, has paid to the plaintiff the full amount of said judgment together with accrued costs in the sum of $492.19, and that within ten (10) days of said payment, the said defendant, Ed Fletcher Company, a Corporation, served and filed with the Clerk in the above entitled Court a notice of payment of joint judgment and claim to contribution against the codefendant, C. M. Davis.

"Said motion will be made pursuant to the provisions of Section 709 of the Code of Civil Procedure upon this notice and upon the records, papers and files in the above-entitled action."

On the hearing of this motion and based thereon, the trial court made an Order For Issuance Of Execution Against Joint Debtor For Contribution in the sum of $246.09. It is therein recited that the court listened to the argument of counsel, examined the records, papers and files in the above entitled action, and was fully advised in the premises. Thereupon it made its Order For Issuance Of Execution Against Joint Debtor For Contribution, to wit, an order for contribution against C. M. Davis in the sum of $246.09, being one-half of the judgment, together with costs, interest, etc. Thereafter the defendant, C. M. Davis, appealed from this order, and execution was ordered stayed pending the determination on appeal.

In obtaining the Order For Issuance Of Execution Against Joint Debtor For Contribution, the defendant, Ed Fletcher Company, a corporation, attempts to pursue the remedy provided by section 709 of the Code of Civil Procedure. So far as material to the determination of this case, Code of Civil Procedure, section 709, reads as follows:

"PARTY WHO PAYS MORE THAN HIS SHARE MAY COMPEL CONTRIBUTION. When property, liable to an execution against several persons, is sold thereon, and more than a due proportion of the judgment is satisfied out of the proceeds of the sale of the property of one of them, or one of them pays,

without a sale, more than his proportion, he may compel contribution from the others; . . .''

We think that the phrase in section 709 ''more than his proportion'' is the important and crucial portion of the section in deciding this case. We have examined the same things which the lower court said it examined in making the Order For Issuance Of Execution Against Joint Debtor For Contribution challenged herein, to wit: ''The records, papers and files in the above entitled action.''

We can find nothing therein which determines or alleges what the proportion of the contractual indebtedness as between the joint debtors, Ed Fletcher Company, a corporation, and C. M. Davis, was. We think that to entitle one judgment debtor to contribution against his joint judgment debtor it must appear from the ''records, papers and files'' or from a subsequent affidavit, or other evidence, what the proportion of each judgment debtor is as between themselves, and that without such a showing in the ''records, papers and files'' or by affidavit, or other evidence, the court has no basis on which to determine the amount due as between the judgment debtors, or that one judgment debtor has paid more than his proportion. In other words, we think it mandatory that the court must have before it some evidence as to what the proportion is between joint debtors and that one has paid more than his proportion, and what that proportion is before it can issue an execution therefor.

The notice of motion, therefore, was insufficient in its allegations as a matter of law, and the court was without power to order the issuance of the execution. We think that the proper procedure to be followed is, first, for the judgment debtor to make his Notice Of Motion For Issuance Of Execution and allege that he has paid more than his proportion, and allege the fact as to what his proportion is, and also what the proportion is that his joint codebtor should pay. The defendant should then have an opportunity to meet this issue of fact and when he has had this opportunity to meet it by affidavit or evidence, the court should hear the evidence; and after hearing, determine from the evidence how much more than his proportion one judgment debtor has paid and then make an order so determining, and order execution issued thereon. The order appealed from is reversed without prejudice to the defendant Ed Fletcher Company, a corporation, to take further proceedings, if it is so advised, in accordance with this opinion.